IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00279-MSK-MEH

WANDA HASTY,
TIMOTHY HASTY,
CLYDE I. CAMPBELL, JR., and
LORETTA CAMPBELL,

        Plaintiffs,

v.

FREMONT PAVING & REDI-MIX, INC., and
ARY BROTHERS TRUCKING, INC.,

        Defendants.

## ORDER REMANDING CASE TO STATE COURT

THIS MATTER comes before the Court on the Plaintiffs' Motion to Remand **(#9)**. Having considered the motion, the response **(#13)**, and the reply **(#15)**, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of determining the pending motion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Background

The Plaintiffs commenced this action in state court. In their Amended Complaint, they assert claims against the Defendants for the alleged contamination of real property from waste oil leakage. They assert the following claims under Colorado law: (1) strict liability; (2) negligence; (3) negligence *per se*; (4) trespass; (5) nuisance; (6) wrongful eviction, wrongful entry into, and

invasion of private occupancy; (7) respondeat superior; (8) equitable relief; and (9) unjust enrichment.

The Defendants removed the action to this Court. They contend that because the Plaintiffs seek to recover remediation costs, their claims amount to a cost recovery claim under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a). The Plaintiffs contend that their claims are not CERCLA claims, and they seek to remand the case to state court.

### III. Issue Presented

The issue presented is whether the Court has subject matter jurisdiction over the Plaintiffs' claims.

### IV. Analysis

In their motion, the Plaintiffs contend that their claims arise solely under state law and that this case should be remanded to state court. The Defendants respond that the Plaintiffs' claims are CERCLA claims over which this Court has jurisdiction.

Pursuant to 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal courts are courts of limited jurisdiction and must narrowly construe statutes conferring federal jurisdiction. *See U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1048 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 2964 (2005); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). There is a general presumption against federal court jurisdiction, and the party asserting jurisdiction has the burden of establishing its existence. *See Kinross v. Utah Railway Co.*, 362 F.3d 658, 661 (10th Cir. 2004). When a court determines that it lacks subject matter jurisdiction over a

removed case, it must remand the case to state court. *Cf. Penteco Corp. Ltd. Partnership – 1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (requiring dismissal for lack of jurisdiction).

For purposes of 28 U.S.C. § 1331, a case arises under federal law if a well-pleaded complaint establishes that federal law creates the cause of action or a plaintiff's right to relief necessarily depends upon a substantial question of federal law. *See Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1234 (10th Cir. 2006). This means that: (1) a question of federal law must appear on the face of the complaint; and (2) the cause of action must be created by federal law or, if it is a state law claim, its resolution must turn on a substantial question of federal law. *See id.* However, a plaintiff cannot avoid federal jurisdiction by omitting federal issues essential to his or her claims. *See id.* When examining whether resolution of a claim depends upon a substantial question of federal law, a court focuses upon whether Congress intended to provide a federal forum, as well as questions of federalism. *See id.*; *see also Morris v. City of Hobart*, 39 F.3d 1105, 1111-12 (10th Cir. 1994).

No question of federal law appears on the face of the complaint. The causes of action are created by Colorado law, and the Defendants have not shown that the resolution of these claims turns on a substantial question of federal law. Indeed, the Defendants have cited no binding legal authority for the proposition that the Court should treat the Plaintiffs' state law claims as a CERCLA cost recovery claim.

In their notice of removal, the Defendants rely upon *Tosco Corp. v. Koch Industries, Inc.*, 216 F.3d 886 (10th Cir. 2000) and *Bolin v. Cessna Aircraft Co.*, 759 F. Supp. 692 (D. Kan. 1991) to support this Court's jurisdiction. These cases are factually distinguishable from the case

at bar, because the plaintiffs in those cases alleged violations of CERCLA in their respective complaints.  The Defendants also rely upon *Fort Ord Toxics Project, Inc. v. California E.P.A.*, 189 F.3d 828 (9th Cir. 1999), to support this Court's jurisdiction.  Such case is also distinguishable, because the plaintiffs in *Fort Ord* claimed that a CERCLA cleanup violated state law, and resolution of their claims turned on a question of federal law.

In their response to the Plaintiffs' motion, the Defendants also rely upon *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928 (9th Cir. 2002), in support of this Court's jurisdiction.  In such case, insurers sought declaratory and injunctive relief, alleging that a municipal ordinance was preempted by CERCLA; therefore, a federal question was presented by the complaint.  The Defendants further rely upon *Adams v. Republic Steel Corp.*, 621 F. Supp. 370 (W.D. Tenn. 1985), a case in which the plaintiffs chose to assert a CERCLA claim and other federal claims.  Finally, they rely upon *Lehman Brothers, Inc. v. City of Lodi*, 333 F.Supp.2d 895 (E.D. Cal. 2004), in which state claims delayed a CERCLA cleanup and there was a contract which impinged upon CERCLA's goals.   All three cases are distinguishable for the above-stated reasons.

The Plaintiffs chose to assert no CERCLA claims in this action.  Whether they could have asserted such claims is not a question this Court decides.  All of the Plaintiffs' claims arise under Colorado law and present no substantial federal law issues.  Therefore, removal was improper.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion to Remand **(#9)** is

**GRANTED**.  The Clerk of Court is directed to remand this case to the Fremont County District Court in Colorado.

Dated this 7th day of August, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge